IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON TOLBERT,   No. CIV S-10-0956-CMK-P

   Plaintiff,

 vs.   ORDER

DR. ALLEN,

   Defendant.

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's response to the court's October 25, 2010, order to show cause.

   The court outlined plaintiff's allegations in its prior order and will not repeat them here. As to the Plaintiff's claims, the court stated:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth

Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff has alleged nothing more that perhaps negligence. He even alleges Dr. Allen was negligent in the performance of the surgery. While he also claims that Dr. Allen was deliberately indifferent to his medical condition, as evidenced by the prognosis analysis, for failing to correct the severed tendon in a timely fashion, there is nothing to support this claim. Dr.

Allen performed the surgery in January 2008.  The exhibits Plaintiff attaches to his complaint show that following the surgery, Plaintiff was to be seen two week later for suture removal and wound check, and his thumb was to be immobilized for four to six weeks.  Notes from a follow up visit in April 2008 show that he was seen four weeks post-op, wherein it was determined that he needed another two weeks of thumb spica immobilization.  However, he did not return for another month, at which time the cast was removed, and he has been unable to move his thumb since.  Plaintiff opines that had Dr. Allen acted quickly to fix the severed tendon he would not now be experiencing paralysis in his thumb.  However, a difference in opinion is insufficient to raise an Eighth Amendment claim, and there is nothing in the complaint to indicate Plaintiff's opinion is justified.  Nor is there anything in the compliant which could lead to a logical conclusion that Dr. Allen acted with deliberate indifference to Plaintiff's medical condition by stating that the prognosis for getting better is not good.  Plaintiff has alleged nothing more than a difference in opinion, or at best negligence.  Such an allegation is insufficient.

In his response to the order to show cause, plaintiff continues to allege that the outcome of his surgery necessarily shows that Dr. Allen acted with deliberate indifference to his medical condition.  However, an unfavorable result, even one resulting in continued pain, does not show that a physician acted with the deliberate intent to harm a patient.  Similarly, even if Dr. Allen committed malpractice during the surgery, that is insufficient to violate the Eighth Amendment.  Plaintiff may have a State claim for negligence or medical malpractice, but there is nothing in plaintiff's allegations leading to a determination that his claim for violation of the Eighth Amendment is plausible.   See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed and the Clerk of the Court is directed to enter judgment and close this file.

DATED: November 9, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE