IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON TOLBERT,                              No. CIV S-10-0956-CMK-P

        Plaintiff,

   vs.                                                           ORDER

DR. ALLEN,

        Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party had been served or appeared in the action. Final judgment was entered on November 10, 2010. Pending before the court is plaintiff's motion for reconsideration (Doc. 16).

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than ten days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was

1

grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

       Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

       Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

       Construing plaintiff's motion as a Rule 59(e) motion, plaintiff's motion lacks a sufficient basis.  Nothing in plaintiff's motion raises an issue addressing an intervening change in controlling law, or the availability of new evidence.  Broadly construed, plaintiff may be

---

delivered to prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

   [2]   If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

attempting to claim the need to correct clear error or prevent manifest injustice. However, plaintiff fails to provide a sufficient basis for finding clear error. As set forth in the court's prior order, plaintiff's complaint raises, at best, negligence or medical malpractice, which are state law claims. Plaintiff's claims do not rise to the level of an Eighth Amendment violation for cruel and unusual punishment. If plaintiff wishes to proceed on a negligence or medical malpractice claim, those claims were dismissed without prejudice to raising those claims in a state court action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 16) is denied.

DATED: May 23, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE